IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| GENE RENARD WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 113-054 |
| | ) | |
| OFFICER TOMMY and LT. JONES, | ) | |
| | ) | |
| Defendants. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Coffee Correctional Facility in Nicholls, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983 concerning events alleged to have occurred at Augusta State Medical Prison in Grovetown, Georgia. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP").

On February 26, 2014, the Court directed the United States Marshal to serve Defendant Officer Tommy with the complaint and summons for Plaintiff's Eighth Amendment claim for deliberate indifference to safety. (Doc. no. 20, pp. 4-8.) The Court explained to Plaintiff that it was his responsibility to provide sufficient information for the Marshal to identify and locate Defendants to timely effect service within 120 days of the Court's February 26th Order. (Id. at 5 (citing Fed. R. Civ. P. 4(m)). The Court also informed Plaintiff that if Defendants were not timely served within this 120-day period, the Court may dismiss the case. (Id.)

The Marshal attempted to effect service upon Defendant Tommy but could not locate him. According to the return of service, Tonya Tyner, the Warden's Assistant, could not locate anyone with the name Tommy despite her review of prison personnel records and her interviews of all defendants originally named in the complaint. (Doc. no. 32.) Therefore, the Marshal was unable to effect service upon Defendant Tommy after reasonable efforts.[1]

On July 3, 2014, the Court reminded Plaintiff it was his responsibility to provide sufficient information for the Marshal to identify and locate Defendant Tommy. (Doc. no. 33.) Despite the 120-day period for effecting service having expired on June 26, 2014, the Court ordered Plaintiff to provide Defendant Tommy's full name and address within seven days so that he could be served. (Id. at 2.) The Court warned Plaintiff that Defendant Tommy would be dismissed without prejudice if he failed to provide the supplemental information. (Id.) The time to respond has passed, and Plaintiff has not complied with or responded to the Court's July 3rd Order.

Rule 4(m) empowers courts to extend the time for service with no predicate showing of good cause. Henderson v. United States, 517 U.S. 654, 662-63 (1996); Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005) (permitting extension of 120-day service period, even in absence of good cause). Thus, if a plaintiff fails to show good cause for failing to timely effect service, a court "must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007).

---

[1] A waiver of service was returned executed for Defendant Jones and he subsequently filed a motion to dismiss on May 12, 2014. (See doc. nos. 25, 27.)

Here, Plaintiff has not shown good cause for failing to timely effect service and the Courts finds that no other circumstances warrant an extension of the service period. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's claim against Defendant Tommy be **DISMISSED** without prejudice for failure to timely effect service and Defendant Tommy be **DISMISSED** from this case. See Schnabel v. Wells, 922 F.2d 726, 728-29 (11th Cir. 1991). Should Plaintiff discover Defendant Tommy's full name and address while this lawsuit is pending, he may bring a motion to amend to add a party, which the Court will evaluate at that time.

SO REPORTED and RECOMMENDED this 21st day of July, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA